MARGARET BUCKLEY, SURVIVOR OF HERSELF AND JOHN BUCKLEY, DECEASED, v. MARY A. REDMOND, MARGARET HALEY, AND MARY BUCKLEY.

*Deed—Cancellation—Evidence.*

Complainants seek to set aside a deed executed by them to their son, now deceased, on the grounds of fraud in its procurement, want of capacity on the part of John Buckley to execute it, ignorance of its purport by the remaining complainant, and failure of the grantee to support complainants.    And upon a review of the testimony the decree below, giving complainants a life-estate in the land, with the remainder to the son's devisees, subject to the dower rights of his widow, and charging the land with the expenses of complainants' last sickness and burial, is affirmed.

Appeal from Macomb.    (Canfield, J.)    Argued March 9, 1893.    Decided April 7, 1893.

Bill to set aside a deed.    Complainants appeal, the appeal

being prosecuted by Margaret Buckley, as survivor. Decree affirmed. The facts are stated in the opinion.

*James H. Pound,* for complainants.

*Crocker & Crocker,* for defendant Buckley.

*Robert F. Eldredge* and *John W. Beaumont,* for defendant Redmond.

McGRATH, J.    This is a bill filed in November, 1890, by John and Margaret Buckley, to set aside a deed executed August 2, 1883, to John L. Buckley, a son of complainants. The grounds alleged are fraud in the procurement of the deed, want of capacity at the time of the execution of the deed on the part of John Buckley, ignorance of its purport on the part of Margaret Buckley, and failure to perform the conditions of the grant by John L. Buckley.

Complainants had five children, Michael, James, John, Mary A. Redmond, and Margaret Haley. Prior to the execution of this deed, complainants had made provision for all of the children except John L., and each of the children so provided for had executed to complainants formal receipts, releasing complainants and their estate from all claims, and all rights to share therein. This left complainants with the 80 acres of land in question, subject to two mortgages of $500 each, which had been executed to Mary A. Redmond and Margaret Haley in pursuance of the foregoing arrangement. All of the children except John L. had left the farm, and it was generally understood that John L. was to remain at home, take care of the old people, and in the end get the farm.

In the summer of 1883 the father met with an accident, was seriously injured, and it was expected that he could not live. A notary was sent for, the deed in question was prepared and executed on August 2, 1883, and on the 6th day of August it was recorded. All of the children except

James were present when the deed was executed, and James was informed of the fact the day following. Michael assisted in hitching up the horse to go for the notary, and propped up his father in the bed so as to enable him to sign the deed. All of the children fully understood its tenor and import, and no objection or remonstrance was made by any one to its execution or delivery. The notary who drew the deed testifies that the father was in full possession of his mental faculties, and directed him to prepare the deed; that he (the notary) asked the father if he did not wish to make some reservation in the deed, but he replied that he did not, for he did not expect to live. The mother was called in "to sign the deed," and executed it in the presence of her husband and the other members of the family, and Michael and the notary subscribed themselves as witnesses to its execution. The father recovered, and the parties to the deed continued to live upon the farm until May, 1885, when the father filed a bill of the same nature as the present bill. That proceeding was discontinued in the same month.

John L. married in October, 1888, and took his wife to the farm. The son's wife left him in August, 1889, and on the 13th of that month she filed a bill for divorce. On the same day the father filed a second bill to set aside the conveyance. On October 28, 1889, the son's wife returned to the farm, and · nothing further was done either in the divorce case or in the proceeding instituted to set aside the deed. The son died May 12, 1890, and his wife remained upon the farm with complainants until August of that year. After the death of the son it was learned that he had made a will devising the farm to his sisters, Mary A. Redmond and Margaret Haley. The will was duly probated, and the devisees seem to have ousted the widow of John .L., and are in possession of the farm.

In November, 1890, the present bill was filed against the devisees named in the will and Mary Buckley, the widow of John L. Margaret Haley allowed the bill to be taken as confessed, and the active defendant is the son's widow.

The deed was absolute on its face. The son worked the farm, paid off part of the incumbrances upon it, and built a barn thereon at an expense of several hundred dollars.

Complainants appealed, and complainant John Buckley died after the appeal to this Court, and before the hearing.

The record fails to show any fraud, undue influence, imposition, or concealment on the part of John L. Buckley. The evidence as to complainant John Buckley's mental capacity at the time of the execution of the deed, and as to complainant Margaret Buckley's knowledge as to the purport of the deed at the time of its execution, finds strong support in the circumstances attending the execution of the deed, the general understanding of all the parties for some time prior to its execution, and in the fact that for two years thereafter, with full knowledge of the existence and claims under the deed, no effort was made to obtain its cancellation. It is clear that the motive which prompted the filing of the bill in 1885 was to prevent possible waste in consequence of the habits of the son. Promises to reform induced the parents to discontinue that proceeding, and the parties lived together until the daughter-in-law filed her bill for divorce, and thereupon the parents sought again to set aside the conveyance. When the daughter returned that proceeding was dropped. The father and mother continued to live with the son upon the farm until his death, and after his death with the daughter-in-law, and after she was dispossessed with the devisees of the will.

There is no such evidence of failure on the part of the grantee to perform any of the conditions of the grant,

even though such conditions had been expressed in the instrument, as would warrant a forfeiture. The court below decreed that complainants are the owners of a life-estate for their joint lives and for the life of the survivor of them; that such life-estate vested upon the death of the son; and charged the farm with the expenses of the last sickness and burial of each of the complainants.

The decree is affirmed, with costs to defendant Mary Buckley.

The other Justices concurred.